FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALEA F., | No. 1:25-CV-03181-SAB |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER REVERSING THE DECISION OF COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Benjamin Groebner and Joseph Derrig. Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 11, and the Commissioner's Brief, ECF No. 17.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

## I. Jurisdiction

On August 7, 2020, Plaintiff filed an application for disability insurance benefits. On October 28, 2020, Plaintiff filed proactively for supplemental security

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

income. In both applications, Plaintiff alleged disability beginning on January 1, 2026. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing. On March 28, 2023, a telephonic hearing was held; Plaintiff appeared and testified. Franklin Corbin, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it vacated the hearing decision and remanded for further proceedings. A telephonic hearing was held on August 20, 2024. Plaintiff participated and was represented by D. James Tree. Mark Harrington also participated. On September 25, 2024, the ALJ found Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 20, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the 2024 hearing, Plaintiff was 40 years old. She was born with spinal bifida occulta. She has persistent back and neck pain. She was in a car accident in 2022, and after this imaging showed severe central canal stenosis at C6-7 and severe right foraminal narrowing at C5-6 and C6-7. She has been diagnosed with fibromyalgia. She also has carpal tunnel syndrome in her right hand and is obese.

During flareups, Plaintiff has difficulty getting out of bed in the morning and will need assistance and will have to use her walker. She frequently falls. The pain from her neck affects her vision.

Plaintiff operated a paper route and earned $9,521.00 in 2021 and $21,118.00 in 2022. She testified that her fiancé completed the route half the time and her children helped her by folding the newspapers or doing porch deliveries. She also will pay for subs to complete the route for her when she is unable to do it. She eventually stopped operating the paper route because it became too difficult for her to drive.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-34.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2025. AR 20-22.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

At step two, the ALJ identified the following severe impairments: degenerative disc disease of the cervical and lumbar regions of the spine, fibromyalgia and obesity. AR 22.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 25. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. The claimant can have no concentrated exposure to vibration, respiratory irritants (fumes, odors, dust, or poor ventilation), or hazards.

AR 27.

At step four, the ALJ found Plaintiff capable of performing past relevant work as a Newspaper Carrier and Bartender. AR 32.

In the alternative, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including cashier, storage facility rental clerk and small products I assembler. Consequently, the ALJ found Plaintiff was not disabled from January 1, 2015 through the date of the decision. AR 33.

## VI.  ISSUES

1. Did the ALJ properly evaluate Plaintiff's subjective complaints?

2. Did the ALJ properly evaluate the medical evidence?

## VII.  Discussion

### 1.  Evaluation of Plaintiff's testimony

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ's evaluation of Plaintiff's symptom testimony is not supported by substantial evidence in the record. The record demonstrates that Plaintiff has been prescribed powerful medications, including opioids, nerve pain medications and muscle relaxants, but the ALJ found Plaintiff not credible because she did not have extended PT, facet or epidural injections radiofrequency ablations or surgery. This is not true. The record demonstrates that Plaintiff did engage in physical therapy. The record shows Plaintiff tried spinal injections and did not see benefit. Surgery is not an option for various legitimate reasons.

The ALJ found laboratory findings and clinical signs were insufficiently severe. This is not supported by substantial evidence in the record. MRIs showed worsening and degeneration of her discs. The neck imaging in 2020 also showed multilevel bulging discs, hypertrophy, and facet arthrosis with mild effacement of the spinal cord at C4-5 and C6-7. NCS/EMG tests showed both decreased conduction velocity in the right median nerve and prolonged peak latency indicating demyelination in both median nerves, with indications of C6-7 radiculopathy. In February 2022, she had greatest abnormality in the cervical spine at C6-7, with moderate DDD and findings of foraminal and canal stenosis. After a car accident in September 2022, she now had severe canal stenosis at C6-7 and

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

severe right foraminal narrowing at both C5-6 and C6-7. Additional imaging in 2023 showed mild indentation of the spinal cord at C4-5 and C6-7 and effacement of the thecal sac at C5-6, and the NCS/EMG showed bilateral C6-7 radiculopathy and severe right CTS. The record also demonstrates that exam findings were consistent with Plaintiff's testimony. Finally, the ALJ failed to properly account for Plaintiff's fibromyalgia in discounting her testimony.

### 2. Evaluation of the Medical Evidence

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 8**

persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Substantial evidence does not support the ALJ's evaluation of the medical opinions. The ALJ consistently relied on evidence of Plaintiff's normal gait, strength and sensation to reject those opinions that limited Plaintiff's ability to work. However, this overly simplification of the evidence in the record is not supported by the record.

Before Plaintiff's date of last insured (DLI), N. Schwarzkopf, ARNP, opined in February 2014 that she could only work 1-10 hours per week, needed to rest every 1-1.5 hours for 20-30 minutes, and could not perform even sedentary exertions. In February 2015, she found Plaintiff could not perform most postural or exertional activity for any extended period, she needed to rest 3 hours per day, and she could maintain 0 hours of work per week. T. Thompson, M.D., on review of the 2015 opinion, agreed, finding severe postural restrictions, marked limitations in gross or fine motor skills, and she was reduced to less than sedentary exertions. I. Kalofonos, M.D., in June 2014, also opined she was likely to have difficulty maintaining regular attendance and completing a normal workday/week due to pain.

After Plaintiff's DLI, her treatment providers continued to opine that Plaintiff would not be able to complete full-time work. N. Flavin, M.D., her rheumatologist, explained that fibromyalgia has numerous symptoms, good and bad days can be unpredictable, stressors and physical activities exacerbate symptoms that "can oftentimes be debilitating," and demands of some work environments can aggravate symptoms and lead to absenteeism. Treating neurologist T. Lee, M.D., also opined Froehlich had to lie down multiple times per day to rest and would miss 4 or more days of work per month since at least August 2020.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

The only sources who found Plaintiff could perform light work were the non-examining State agency sources in 2021.

The ALJ's evaluation of the medical opinions finding that Plaintiff is not able to complete full time work is not consistent nor supported by the record. On the contrary, the objective evidence in the record is consistent with and support her treatment providers' opinions that find that Plaintiff is unable to complete full-time employment.

**VIII. Conclusion**

The ALJ's decision that Plaintiff was not disabled during the period in question is not supported by substantial evidence. The record is fully developed, and as such, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 17, is **DENIED**.

3.    The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 16th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10